FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

2010 DEC 14 PM 2: 45

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| JOHN CHAPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 4:10CV0099 |
| ) | |
| FEDERAL EXPRESS CORP., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This is an action brought by Plaintiff, John Chapman ("Chapman"), against Defendant, Federal Express Corp. ("Defendant"), for unlawfully violating his rights as protected by the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 et. seq.

## PARTIES

2. Chapman has resided within the Northern District of Indiana at all relevant times.

3. Employer is a corporation doing business in the Northern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6. Chapman is an "employee" as that term is defined by 42 U.S.C. §12111(4)

7. Chapman satisfied his obligation to exhaust his administrative remedies having timely filed a charge of retaliation with the U.S. Equal Employment Opportunity Commission. Chapman received a Notice of Suit Rights and now brings this original action within 90 days thereof.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the Northern District of Indiana. Venue is, therefore, proper in this Court.

## FACTUAL ALLEGATIONS

9. Chapman began his employment with Defendant on or about April 18, 2004.

10. Plaintiff met or exceeded Defendant's legitimate expectations of performance.

11. Chapman suffers from a physical impairment that substantially limits him in one or more major life activities. Therefore, Chapman is a qualified individual with a disability as that term is defined by the ADA.

12. During the Fall of 2008, John Brock, Chapman's supervisor, recognized that Chapman was suffering from an impairment that was causing him difficulties in the workplace.

13. Brock suggested that Chapman get a formal diagnosis from his doctor. Alternatively, Brock direct Chapman to a company representative that could set up an appointment for him.

14. Chapman took Brock's advice, made an appointment, and was diagnosed with a permanent mental impairment.

15. Chapman requested an accommodation.

16. Defendant failed to timely engage in the interactive process or to provide Chapman with a reasonable accommodation. Chapman identified a reasonable accommodation without positive result.

17. Because Defendant failed to accommodate Chapman, he had increasing difficulty performing his position.

18. Ultimately, Defendant terminated Chapman on or about January 13, 2010. If Defendant had accommodated Chapman, he would not have been terminated.

19. Chapman suffered harm as a result of Defendant's failure to accommodate him.

## LEGAL COUNT – VIOLATIONS OF THE ADA

20. Chapman hereby incorporates paragraphs 1-19 of his Complaint.

21. Defendant failed to engage in the interactive process, failed to afford Chapman one or more reasonable accommodations, and/or terminated Chapman because he was disabled and/or Defendant perceived him as being disabled.

22. Similarly-situated non-disabled employees were treated more favorably in the terms, privileges, and conditions of their employment.

23. Defendant's actions were willful and/or reckless.

24. Chapman has been harmed by Defendant's intentional violation of the ADA.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, John Chapman, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant be ordered to refrain and resist from further discrimination against Chapman;

2. Defendant pay Chapman all wages lost and the value of any related benefits as a result of its violations of law;

3. Defendant reinstate Chapman, or order that Defendant pay a fair and commensurate amount of front pay in lieu thereof;

4. Defendant pay Chapman an appropriate amount of compensatory damages;

5. Defendant pay punitive damages to Chapman;

6. Defendant pay pre- and post- judgment interest to Chapman;

7. Defendant pay Chapman's attorney's fees and costs incurred in litigating this action; and

8. Defendant pay to Chapman any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully Submitted,

Andrew Dutkancyh III, (Atty No.
Christopher S. Wolcott (Atty No. 23259-32)
BIESECKER DUTKANYCH & MACER, LLC
8888 Keystone Crossing, Suite 1300
Indianapolis, Indiana 46240
Tel (317) 575-4120
Facsimile (317) 575-4123
ad@bdlegal.com

cwolcott@bdlegal.com

Attorneys for John Chapman

## DEMAND FOR JURY TRIAL

John Chapman requests a jury trial on all issues deemed so triable.

Respectfully Submitted,

*[signature]*

Andrew Dutkancyh III, (Atty No.
Christopher S. Wolcott (Atty No. 23259-32)
BIESECKER DUTKANYCH & MACER, LLC
8888 Keystone Crossing, Suite 1300
Indianapolis, Indiana 46240
Tel (317) 575-4120
Facsimile (317) 575-4123
ad@bdlegal.com
cwolcott@bdlegal.com

Attorneys for John Chapman